■ In the Matter of the Claim of JOHN B. WOLF, Appellant. FEDERAL AVIATION ADMINISTRATION, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 19, 1982, which ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. On August 3, 1981, the Professional Air Traffic Controller Organization (PATCO) declared a nationwide strike against the Federal Aviation Administration (FAA). Claimant was employed as an air traffic controller trainee by

the FAA and participated in the strike, failing to report to work on that date. Two days later an injunction against the strike was issued by a Federal District Court. The record also reveals that at the time the air traffic controllers were hired they signed a no-strike pledge. Thereafter, an ultimatum was issued to the employees stating that they could expect to lose their jobs if they did not return to work within 48 hours. Claimant did not return to work and was discharged in late August, 1981. The board sustained the findings that claimant lost his job through misconduct and as a result of an industrial controversy in the establishment in which he was employed. This appeal ensued. On this appeal, claimant does not take issue with the board's finding that he lost his job as the result of an industrial controversy. He contends, however, that, as a matter of law, threats that he would lose his job if he did not participate in a union-sanctioned strike constituted coercion and, therefore, his participation in the strike should not be considered misconduct. While there is authority that the threat of loss of employment by reason of an employee's refusal to participate in a strike constitutes coercion within a labor context (*Smith Corp. v National Labor Relations Bd.*, 343 F2d 103), the instant record does not, in our opinion, demonstrate threats made by other employees which were sufficiently compelling to warrant claimant's subsequent behavior. Claimant was warned that the strike was in violation of the law, and that he should report to his employer on August 3 in the event of a strike. Claimant did not report to his employer, nor, as found by the board, did he advise his employer of his fear of losing his job if he did not join the strike until a number of weeks after the strike began. Considering the record in its entirety, there is substantial evidence to sustain the board's determination. Accordingly, the decision must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.